UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE ANDREW BROWN, | ) | CASE NO. 1:09 CV 3020 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BOB REID, Sheriff, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On December 31, 2009, petitioner *pro se* Bruce Andrew Brown, an inmate at the Cuyahoga County Jail, filed the above-captioned habeas corpus action. The petition appears to assert that Brown's state sentences have expired, but that he is being held pursuant to a detainer which is premised on a misinterpretation of those sentences.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies.   28 U.S.C. § 2254.

There is no indication on the face of the petition that Brown has sought relief via an action for state habeas corpus in the Ohio courts. Given that he apparently seeks to raise issues of statutory construction which might conceivably be resolved by the state courts, petitioner has thus not yet exhausted his state remedies. *Cf., Brewer v. Dahlberg*, 942 F.2d 328, 337-38 (6th Cir. 1991) (petitioner required to seek writ of habeas

corpus under Ohio law where he alleged parole revocation occurred after sentence expired).

For the foregoing reasons, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

Dated: February 16, 2010

        **HONORABLE SARA LIOI**
        **UNITED STATES DISTRICT JUDGE**